IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No._____

Jay Maisel,

                            Plaintiff,

v.

McDougal Littell, a division of Houghton Mifflin Company,

                            Defendant.

_____

**COMPLAINT**
(jury trial demanded)
_____

Plaintiff Jay Maisel (Maisel) through his attorney Maurice Harmon for his Complaint against Defendant McDougall Littell a division of Houghton Mifflin Company (Houghton Mifflin) alleges as follows:

**STATEMENT OF ACTION**

1. This is an action for copyright infringement brought by plaintiff Maisel, the holder of all of the copyrights to a photograph described hereafter and originally licensed for limited use by defendant Houghton Mifflin in 2000, against said defendant for unauthorized and impermissible uses of plaintiff's photograph without plaintiff's authority or permission.

**PARTIES**

2. Jay Maisel is and always has been a United States citizen, a resident of New York and a highly regarded, world-renowned professional photographer. He is the recipient of numerous awards including two lifetime achievement awards; one from Professional Photographers of America (PPA) in 2003 and the other from American Society of Media Photographers (ASMP) in 1996. He is the exclusive photographer-author of ten books including his most recent two, <u>Jay Maisel's New York</u>, published in 2000 and <u>A Tribute</u> [in memory of the Twin Towers of the World Trade Center over the last 35 years] published a year later in 2001. Maisel, a master color photographer, has taught extensively and continues to teach photography in workshops throughout the United States and overseas.

3. Defendant Houghton Mifflin Company is a Massachusetts corporation with its primary offices in Boston. Houghton Mifflin publishes textbooks and sells and distributes them all over the United States, including Colorado, with at least two salespersons working from locations in Colorado for the purpose of doing business in this state, selling books in Colorado including <u>The Language of Literature</u> in which plaintiff's photograph is unlawfully reproduced as hereafter described.

**JURISDICTION AND VENUE**

4. This is an action for monetary damages, injunctive relief, punitive damages, interest and attorney's fees for Defendant's infringement of plaintiff's copyrights, under the copyright laws of the United States.

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

6. Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1491(a) and (b) and 28 U.S.C. §§ 1400(a) and (b).

**FACTS COMMON TO ALL COUNTS**

7. Plaintiff is the holder of a copyright registration #VA 377-610 (a copy of which is attached as Exhibit "A") for a photograph (a copy of which is attached as Exhibit "B") defendant has inappropriately and unlawfully used in various ways, including without limitation, copying, distributing, displaying and selling plaintiff's photograph without plaintiff's authority, license or permission.

8. In October 1971 plaintiff traveled to Iran to make photographs for use in a book celebrating the 3500th year anniversary of the Persian Empire. Working every day before sunrise until after sunset in oppressive heat Maisel ventured by himself far from the other journalists who were there to report on these historic events. Early one morning as he wandered the streets with his heavy camera bag slung over a shoulder, he found a mosque on a dusty side street with magnificent light beams pouring through small windows located high in the ancient structure. There he made the beautiful image that 35 years later is the subject of this case.

9. In the fall of 1998, plaintiff received a telephone call from defendant to inquire about the photograph he made so long ago in Iran.

10. The colloquy went essentially like this: Defendant said, "We would like to use your photograph of the mosque in Iran in our textbook, The Language of Literature." Plaintiff replied, "How many copies do you need and how long do you need them?" Defendant replied, "We would like to buy 40,000 copies for The Language of Literature printed in the year 2000." "Fine." said plaintiff, "The charge is $600 and we will send you the film for copying and an invoice."

11. Shortly thereafter plaintiff was paid, his film was returned and years passed; plaintiff heard nothing again from defendant.

12. In the fall of 2005 plaintiff fortuitously discovered that defendant was still using his photograph in continuous printings of the above-described book. Upon inquiry, defendant first admitted it made "more than 40,000 copies of plaintiff's photograph and would need a license to print another "40,000 copies". When pressed defendant admitted that it had already printed 524,900 copies of plaintiff's photograph between 2000 and 2005. When pressed further, defendant admitted that it had already printed, or is committed contractually to print, 1.4 million copies of plaintiff's image.

13. Plaintiff has made demands to defendant for compensation provided under the copyright laws of the United States but defendant has failed and refused to adequately and appropriately compensate plaintiff for its unlawful acts.

## COUNT I
### (COPYRIGHT INFRINGEMENT)

14. Plaintiff repeats and realleges paragraphs 1 through 13 of this complaint with the same force and effect as if set forth in full above.

15. The foregoing acts of defendant Houghton Mifflin constitute infringements of Plaintiff's copyrights in his photograph in violation of 17 U.S.C. § 501 et. seq.

16. Upon information and belief the aforesaid acts of defendant Houghton Mifflin were willful and intentional.

## COUNT II

## (UNJUST ENRICHMENT)

17. Plaintiff repeats and realleges paragraphs 1 through 16 of this complaint with the same force and effect as if set forth in full above.

18. Defendant has by its unauthorized, improper and illegal conduct benefited by use of plaintiff's photo in numerous reprinting of his work and by other unauthorized uses of plaintiff's photograph without a license to do so.

19. Defendant's use and retention of the benefits of its misdeeds are improper and unjust and permitting defendant to retain such benefits is, and would be, unjustly enriching defendant.

20. Plaintiff suffered damages as a result of defendant's improper, unauthorized and illegal use of plaintiff's image.

**WHEREFORE**, plaintiff requests the following:

1. A preliminary and permanent injunction against defendant and anyone working in concert with them from copying, displaying, distributing, advertising, promoting, selling or offering to sell plaintiff's photograph or creating, obtaining and using substantially similar photographs in any of the preceding ways and to deliver to the Court for destruction or other appropriate disposition of all materials, including digital files representing plaintiff's photograph described in this complaint, in the control or possession of defendant.

2. Actual damages and all profits derived from the unauthorized use of plaintiff's photo or statutory damages at plaintiff's election at the conclusion of the proof.

3. Reasonable attorneys' fees, court costs, expert witness fees, interest and all other amounts authorized under law.

4. Punitive damages as permitted by law in appropriate copyright infringement actions.

5. For such other and further relief as the Court deems just and proper.

January 12, 2006.

Plaintiff Jay Maisel by his attorney,

/s/MauriceHarmon
Maurice Harmon #9419
Attorney for Plaintiff
101 South 3rd Street, Suite 265
Grand Junction, CO 81502
Telephone 610-262-9288
Fax 610-262-9288
maurice@mauriceharmon.com

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury of all issues permitted by law.