IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00056-ZLW-MJW

JAY MAISEL,

      Plaintiff,

v.

McDOUGAL LITTELL, a division of Houghton Mifflin Company,

      Defendant.

---

**DEFENDANT'S REPLY IN SUPPORT OF
MOTION FOR STAY OF PROCEEDINGS**

---

Defendant McDougal Littell, a division of Houghton Mifflin Company ("Defendant"), by and through its undersigned counsel, hereby submits its reply in support of its Motion for Stay of Proceedings.  In support Defendant states as follows.

## INTRODUCTION

With its Opposition, Plaintiff is forum-shopping to this Court in an attempt to circumvent established law on judicial determinations of arbitrability, while pursuing a simultaneous action in New York raising the identical issues.  It was because of that concurrent action that Defendant moved this Court for a stay of proceedings pending a determination of arbitrability of this dispute by the New York court.  In response, however, Plaintiff invites this Court to commit clear error by requesting it make a determination of arbitrability.  Plaintiff does so notwithstanding the fact that this Court would not have the power to compel arbitration in this matter, and, in any event, is not the proper Court to make a determination of arbitrability.  As such, and in compliance with both binding precedent and persuasive authority in this Circuit, Defendant restates its request for a stay of proceedings so the proper Court, one with authority and jurisdiction, can determine the arbitrability of this dispute.  In the alternative, should this Court determine that it does have authority to determine arbitrability of this dispute, Defendant reserves its right to separately brief its affirmative position that this dispute should be arbitrated.

## FACTS

In September 2005, Plaintiff, a professional photographer, notified Defendant of Plaintiff's belief that Defendant had exceeded the terms of a license agreement between the parties.  *See* Exhibit 4 to Plaintiff's Opposition.  In fact, Plaintiff stated: "It is clear that your company [Defendant] greatly exceeded Mr. Maisel's license to you for 40,000 copies of this image limited to publication in the year 2000." *Id.*  This Agreement, which Plaintiff himself drafted, granted Defendant the right to use one of Plaintiff's photographs in its textbook "The

-1-

Language of Literature." *See* Exhibit A to Defendant's Motion to Stay. The Agreement also contemplated the possibility of further use stating "any use other than that specified on the front of this invoice must be negotiated…" *Id.* The Agreement further contains an arbitration clause which states:

> Any dispute regarding this invoice, including its validity, interpretation, performance or breach shall be arbitrated in New York, NY under the rules of the American Arbitration Association and the laws of New York.[1]

Because of threats made by Plaintiff's counsel, on December 30, 2005, Defendant sent to Plaintiff and his counsel, and to the American Arbitration Association, a Demand for Arbitration ("Demand") of the alleged dispute in New York. A second copy of the Demand was sent to Plaintiff and his attorney with an accompanying letter on January 5, 2006, by certified mail and although Plaintiff signed for and received that letter, his counsel refused delivery.

Subsequently, on January 13, 2006, and within the FAA-mandated twenty (20) day period in which Defendant had to wait before commencing any court-action, Plaintiff brought this action for copyright infringement against Defendant. Plaintiff selected this venue even though neither party was at any time, or is now, a citizen or resident of the State of Colorado. In fact, Plaintiff is a resident and citizen of New York, Defendant is a "resident" of the state of Massachusetts, and no witnesses or no documents are located in this state.

Next, on or about January 19, 2006, Plaintiff filed a Petition to Stay Arbitration ("Petition") against Defendant in the Supreme Court of the State of New York, County of New York and on January 23, 2006, proceeded by Order to Show Cause, and filed an application to stay the arbitration in the New York State Court. On February 1, 2006, Defendant removed the New York Proceeding to the United States District Court for the Southern District of New York. (*Jay Maisel v. McDougal Littell, a Division of Houghton Mifflin Company,* 06-cv-0765.)

---

1    Such an arbitration clause is considered "broad" because it covers "any dispute" between the parties. *See Texaco Exploration and Prod. Co. v. Clyde Eng'd Prod. Co., Inc.,* 243 F.3d 906, 909 (5th Cir. 2001).

On February 28, 2006 the New York court held a scheduling conference attended by both parties and counsel in which it established the briefing schedule for Plaintiff's Motion to Stay Arbitration and Defendant's intended Cross-Motion to Compel Arbitration.  Pursuant to the scheduling order, Defendant will file a Cross-Motion to Compel Arbitration on March 8, 2006.  As such, the matter of arbitrability is squarely before the New York Court.

## ARGUMENT

The issue of arbitrability is not properly before this Court.  In fact, the issue should be determined by the Southern District of New York, where Plaintiff joined the issue.  For Plaintiff to now request this Court to rule on the arbitrability of the dispute is to invite clear error.  A Colorado Court has no jurisdiction to compel arbitration of this matter since the arbitration clause selects a New York forum and applies New York law.  Persuasive authority, principles of judicial economy, and comity all weigh overwhelmingly in favor of this Court staying this action, while the New York Court properly determines whether this action is arbitrable.[2]

And finally, the fact that this action was filed before the action in New York, "the so-called "first-to-file" rule," is not dispositive of this Motion, as that "rule" does not apply to this case.  Moreover, even if the rule does apply, special circumstances warrant the avoidance of the rule.  As such, this Court should stay all proceedings pending a determination by the New York Court regarding the arbitrability of this matter.

**I.      A Colorado Court Has No Authority To Compel Arbitration Of This Matter**

"A district court lacks authority to compel arbitration in other districts, or in its own district if another has been specified for arbitration."  *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lauer,* 49 F.36 323, 328 (7th Cir. 1995).  "This majority view holds that where the parties agreed to

---

[2]    To that end, and to the extent that this Court chooses to address the underlying arbitrability of this action, Defendant respectfully reserves the right to fully brief its position that this dispute should be arbitrated pursuant to the broad arbitration agreement, drafted by Plaintiff, and executed by the parties.

arbitrate in a particular forum only a district court in that forum has authority to compel arbitration under § 4 [of the FAA]." *Ansari v. Qwest Comm. Corp.,* 414 F.3d 1214, 1219-20 (10th Cir. 2005).

In *Ansari,* the Tenth Circuit reviewed the different approaches taken by courts considering who has the authority to compel arbitration, where a contract between the parties specifies a specific forum for the arbitration. *Id.* Noting the "strong presumption in favor of freely negotiated contractual choice-of-forum provisions," the Court found that any other result [beside the majority view] renders meaningless the § 4 mandate that arbitration and the order compelling arbitration issue from the same district." *Id.* at 1220. Thus, the Court affirmed the district court's ruling that it could not compel arbitration in Colorado in a case involving parties to a contract that specified the District of Columbia as the forum to decide disputes. *Id.*

This controlling law is the precise reason why Defendant did not move this Court for the mandatory stay under § 3 of the FAA, and an order compelling arbitration. Such an order would be contrary to direct precedent of this Circuit.[3] The valid arbitration clause in the license contract between the parties to this dispute directs that New York be the forum to hold arbitration and apply New York law.[4] As the Colorado Courts have no authority to compel arbitration, Defendant had no choice but to move for a simple stay, pending the determination by the proper court in New York.

---

[3]    In fact, had Defendant moved for an Order compelling arbitration in this Court, it likely would have set itself up to be susceptible to a motion to dismiss. *See Harris Capital Fund, LLC v. Grillo,* 2005 WL 3514594 (10th Cir. Dec. 2005) (dismissing defendant's motion to compel arbitration brought in Kansas where the arbitration clause between the parties specified New York as the proper forum). (Copies of unpublished opinions cited herein are filed as electronic attachments to this reply.)

[4]    It is especially noteworthy that Plaintiff's own demand letter to Defendant, the one which prompted Defendant to file a demand for arbitration in the proper forum, specifically states that "your company has greatly exceeded Mr. Maisel's license…" Moreover, Plaintiff's argument that the contract is "terminated" is unavailing under controlling Second Circuit precedent which holds that such a determination should be decided by an arbitrator not a Court. *See, e.g., Abram Landau Real Estate v. Bevona,* 123 F.3d 69, 72-73 (2d Cir. 1997).

**II.      A Colorado Court Should Not Decide The Arbitrability Of This Matter**

Trial courts have wide discretion in granting stays of proceedings.  A stay is especially warranted where an identical action is proceeding in another forum which maintains full jurisdiction over the dispute.  In fact, because this Court does not have jurisdiction over a motion to compel arbitration, this Court should stay the action, so that the court with jurisdiction over that motion can decide the arbitrability of the dispute.

**A.      Staying this action is consistent with federal law**

Typically, before "staying a case under § 3, [a court] must be satisfied that the issues involved in a suit are referable to arbitration."  *Roe v. Gray,* 165 F.Supp.2d 1164, 1174 (D.Colo. 2001).  But, there is "a liberal federal policy favoring arbitration" and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."  *Id.* (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24-25, 103 S.Ct. 927 (1983)).  In fact, even if a Court is in doubt as to the arbitrability of claims, or determines that such claims are not arbitrable, the court has discretionary power to order a stay nonetheless.  *American Recovery Corp. v. Computerized Thermal Imaging,* 96 F.3d 88, 97 (4th Cir. 1996).  Moreover, when the arbitration clause at issue is "broad," as is the one in dispute here, "any litigation *arguably arising* under such a clause should be stayed pending the arbitrator's decision as to whether the dispute is covered."  *Hornbeck Offshore Corp. v. Coastal Carriers,* 981 F.2d 752, 754-55 (5th Cir. 1993) (emphasis added).

Finally, when related cases are pending in two federal courts there is an inherent power in each court to stay proceedings before it in deference to the related action.  *See Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236 (1976). "Indeed, a stay pending the outcome of litigation in another court between the same parties,

involving the same or controlling issues is an appropriate means of avoiding unnecessary waste of judicial resource." *Landis v. North American Co.,* 299 U.S. 248, 254 57 S.Ct. 163 (1936).

**B.    Only the New York Court may compel arbitration and therefore that court should decide arbitrability**

In *Roe v. Gray,* Chief Judge Babcock of this District faced a near-identical situation to the one at bar here. An arbitration clause between the parties specified that arbitration (covering all disputes) was to occur in North Carolina. After defendants demanded arbitration of the dispute in North Carolina, plaintiff filed suit in Colorado. Defendants filed a Motion to Compel arbitration in North Carolina and moved the Colorado Court to stay the litigation pending a determination of arbitrability by the North Carolina Court. This is precisely the situation here. The Court held that it had no power to compel arbitration under § 4 of the FAA. *Roe,* 165 F.Supp.2d at 1173-74. This position, enunciated by Judge Babcock in 2001, was the same one later adopted by the 10th Circuit in *Ansari, supra.*

Judge Babcock then addressed the stay of proceedings in Colorado, stating "because the Eastern District of North Carolina will decide whether to grant the motion to compel arbitration, it should also decide the issue of arbitrability." *Id; see also Lauer,* 49 F.3d at 329 (interpreting § 4 of the FAA "as mandatory with respect both to compelling arbitration and to reviewing the arbitrability of claims is equally consistent with principles of judicial economy."). Judge Babcock then noted that because "another court will be deciding the arbitrability issue, I have not satisfied myself that the case is referable to arbitration, as is required by § 3," but granted the stay nonetheless "under the principles of comity, and to promote the efficient use of judicial resources." *Id; see also Tucker v. Lanier Worldwide, Inc.,* 2005 WL 1924425 (D.Colo. 2005) (finding that where the court had no authority to compel arbitration, "a stay pending resolution by a court in Atlanta may be the more efficient use of judicial resources.")

-6-

Furthermore, in *Ansari,* the Tenth Circuit affirmed the District Court's ruling that it had no power to compel arbitration. *Ansari,* 414 F.3d at 1221. The Tenth Circuit also noted that the District Court had "stayed the action pending a determination by the district court in the District of Columbia, if Qwest files a petition there, and stayed the action pending a determination by the District of Columbia district court on the arbitrability of the claims and the outcome of any arbitration proceeding." *Id.* at 1216. Although the Tenth Circuit decision did not discuss this stay, it affirmed the entirety of the District Court's ruling. *Id.* at 1221. Such a ruling is warranted here, where judicial economy factors weigh heavily in favor of granting a stay.

**III.     The First-To-File Rule Has No Application To This Dispute**

Plaintiff's "argument" regarding the first-to-file rule, which consists of a single sentence, carries little merit. First, at least one court addressing the identical situation has found that since the first-to-file rule concerns underlying questions of litigation disposition, and arbitrability determinations are not such dispositions, the rule does not apply. Second, even if the first-to-file rule does apply, special circumstances warrant its avoidance.

**A.     The first to file rule does not apply to an arbitrability determination**

In general, under the "first-to-file" rule, a court "which first acquired jurisdiction should be the one to try the lawsuit." *Roe,* 165 F.Supp.2d at 1168. "However, if [a court] does not have the power to compel arbitration…as the Arbitration Agreement contemplates, [AFCA and Gray] could not receive the relief they are seeking [motion to stay] had they filed their motion to compel in [Colorado]. *Id.* at 1169. Furthermore, the question here is not which court will determine the underlying dispute, but which court will determine arbitrability. *See e.g., Raytheon Co. v. National Union Fire Ins. Co. of Pittsburgh,* 306 F.Supp.2d 346, 353-55 (S.D.N.Y. 2004). Finally, the first-to-file rule is generally applicable to paradigmatic situations, where one party files in one district and the adversary files in another. *Id.* Here, to the contrary, Plaintiff filed in both cases.

-7-

The *Raytheon* Court faced a situation similar to the one here.  The parties disagreed

whether their dispute was ripe for arbitration or should be heard by a court.  *Id.* at 354.  Just as

Plaintiff does here, Raytheon advanced the first-filed rule where the second filed action was

"pending in the district where the arbitration would take place."  *Id.*  The *Raytheon* court

recognized the general "so-called" rule, but disagreed, finding that "several circumstances

justify departure from the first-filed rule."  *Id.*  First, since the actions were filed only two days

apart, the filing dates "lack significance" and may be disregarded.  Second, authority to decide

issues of arbitration is certainly in New York (the forum specified in the Arbitration

Agreement), while "authority may be lacking in Massachusetts."  *Id;* (the court noted that the

Second Circuit has yet to rule on such an issue, but cited in a footnote to *Roe.*)  The Court stated

that it would "be a waste of judicial resources" to send the parties to Massachusetts to litigate

the question of judicial authority and delay a final disposition of the matter."  *Id.*  And finally,

the Court held, as argued by the Defendant, "*it could not have filed first,* because under the

FAA, it was required to serve a demand for arbitration prior to commencing litigation, and had

to wait twenty days following such demand before moving to compel arbitration."  *Id.*

(emphasis in original).  The Court resoundingly rejected this attempt to circumvent the rules and

federal policy favoring implementation of the FAA and stated:

> It would contravene the policies embodied in the FAA to penalize the party
> seeking to compel arbitration in accordance with the terms of an arbitration
> agreement.  The first-filed rule is a technical rule relating to the conservation
> and efficient allocation of judicial resources.  There is no basis for this Court
> to mechanically apply the rule in direct contravention of the overriding
> policy favoring the speedy resolution of disputes regarding arbitrability.

Plaintiff attempts the identical circumvention of the rules in this action, relying on the

"mechanical" application of the first-to-file rule that in this instance wastes judicial resources.

Under the guiding FAA rules, Defendant could not file an action in court compelling arbitration

until, at the earliest, January 20, 2006.  Conveniently, and just as in *Raytheon,* Plaintiff first

initiated this action on January 13, 2006. Second, and only a mere *six* (*6*) *days later,* on January 19, 2006, Plaintiff filed its action in New York state court to stay arbitration. And thus, this also occurred *before Defendant had any right to initiate its own action compelling arbitration* under the FAA Rules.

Like the *Raytheon* court found, this Court can not condone this prejudicial trifecta which would effectively contravene Federal policy governing and favoring arbitration, waste judicial and party resources, and delay the final resolution of this matter. Rather, this Court should stay these proceedings until and after the New York Court rules on the issue of arbitrability.

**B.      Special circumstances exclude this case from the first-to-file rule**

Even if the so-called "first-to-file" rule has application to this case, "special circumstances" merit avoiding its implementation. *See, e.g., William Gluckin & Co. v. Int'l Playtex Corp.,* 407 F.2d 177, 178 (2d Cir. 1969). The U.S. Supreme Court has endorsed such a case-by-case approach finding that "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems." *Kerotst Mfg. Co. v. C-O-Two Fire Equip. Co.,* 342 U.S. 180, 183, 72 S.Ct. 219 (1952). Two such recognized circumstances here warrant avoidance of the so-called rule; anticipatory filing and forum-shopping. *E.g., William Gluckin,* 407 F.2d at 178 (holding that "special circumstances are present when the first suit was filed as a result of forum shopping or when the first suit was a result of anticipatory filing"); *accord Cobe Labs., Inc. v. Baxter Int'l., Inc.,* 1990 WL 100233 (D. Colo. 1990) (holding that a second-filed action "may proceed in lieu of the first if either the balance of convenience weighs in favor of allowing the second action to supersede the first or when other special circumstances warrant finding an exception.").

Here, there can be no dispute that Plaintiff filed this lawsuit as an "anticipatory filing." Having notice of Defendant's Demand for Arbitration, Plaintiff chose to anticipatorily file this

copyright infringement action on January 13, 2006 before Defendant could have the chance to compel arbitration. *E.g., Citigroup v. City Holding Co.,* 97 F.Supp.2d 549, 556 (S.D.N.Y. 2000) (holding that "an improper anticipatory filing is one made under the apparent threat of a presumed adversary filing the mirror image of that suit in another court."). Plaintiff, upon receiving notice of the Arbitration Demand, "ran to the courthouse" in Colorado in the time period when it knew that Defendant could not yet go to Court to compel arbitration, and made this "preemptive strike" to attempt to prevent Defendants from filing such a motion. *Id.* at 556-57. This is a plain end-run-around of the FAA, and is a special circumstance warranting avoidance of the first-to-file rule.

Second, and even more strongly warranting the ignorance of the first-to-file rule is the fact that Plaintiff unabashedly forum-shopped to this Court. As stated, this litigation has absolutely no relation to Colorado. The valid license agreement, *drafted by Plaintiff,* specifies that New York is the proper forum to settle disputes between the parties. The Agreement was executed in New York. Plaintiff is domiciled in New York, Defendant in Massachusetts. Undersigned local counsel is the only connection to this forum, and are only involved because of this lawsuit. The only reason Defendant can fathom that this case was brought in Colorado is because Plaintiff's counsel happens to be registered with this Bar, yet he doesn't even reside in Colorado, but lives in Pennsylvania. In short, there is no cognizable reason for this case to have been brought in Colorado other than blatant forum-shopping. As such, this "special circumstance" otherwise warrants avoidance of the first-to-file rule. Therefore, this Court should stay these proceedings until and after the New York Court rules on the issue of arbitrability.

## CONCLUSION

For the foregoing reasons, this Court should grant Defendant's Motion to Stay proceedings pending a determination of arbitrability by the Southern District of New York.

Respectfully submitted this 3rd day of March, 2006.

s/ Tucker K. Trautman
Tucker K. Trautman
Evan M. Rothstein
DORSEY & WHITNEY LLP
370 17th Street, Suite 4700
Denver, CO 80202-5647
Telephone:  303-629-3400
Facsimile:   303-629-3450
E-mail:    Trautman.Tucker@dorsey.com
E-mail:    Rothstein.Evan@dorsey.com

David Blasband
MCLAUGHLIN & STERN LLP
260 Madison Avenue
New York, New York 10016
Telephone:     212-448-1100
*[not admitted in D. Colorado]*

**Attorneys for Defendant McDougal Littell**

CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on March 3, 2006, I caused the foregoing document, REPLY IN SUPPORT OF MOTION FOR STAY OF PROCEEDINGS, to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

maurice@mauriceharmon.com  [Maurice J. Harmon]

s/ Tucker K. Tautman
Tucker K. Trautman
Attorneys for Defendant
DORSEY & WHITNEY LLP
370 17th Street, Suite 4700
Denver, CO 80202-5647
Telephone:  303-629-3400
Facsimile:   303-629-3450
E-mail:  Trautman.Tucker@dorsey.com